## MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N v. LESLER et al.

### No. 766.

District Court, W. D. Kentucky.
Feb. 23, 1934.

R. Lee Blackwell and Bruce & Bullitt, all of Louisville, Ky., for plaintiff.

Jos. G. Sachs, Jr., of Louisville, Ky., for defendant.

DAWSON, District Judge.

This cause is submitted on the plaintiff's motion to strike the answer and counterclaim of the defendants, upon the ground that same does not state a defense to the plaintiff's cause of action, nor a cause of action against the plaintiff.

The motion must be sustained. Plaintiff's bill seeks cancellation because of fraudulent misrepresentations in the procurement of the health and accident policy issued by it to the defendant, Ben S. Lesler, on April 2, 1932, said policy being issued upon the written application of the insured. The answer makes no denial of the fraudulent misrepresentations set out in the plaintiff's bill, nor of any other material allegations contained therein.

By his counterclaim defendant seeks to recover from the plaintiff $270.84, alleged disability benefits claimed to have accrued to him under the policy. It is quite apparent from the answer and counterclaim that the defendant concedes the fraudulent misrepresentations and the right of the plaintiff to have the policy canceled, but that such cancellation cannot be so decreed as to defeat recovery for disability benefits which may have accrued during such time as the premiums on the policy had been paid.

This contention of the defendant is based upon the following rider attached to the policy:

"Non-cancellable Endorsement.

"The Association can not cancel this policy for any period for which the premium has been paid.

"In Witness Whereof, Mutual Benefit Health & Accident Association has caused this endorsement to be signed by its President and its Treasurer.

"H. S. Weller, President
"R. R. Reiss, Treasurer."

In this contention the defendant entirely misconceives the claim of the plaintiff, as well as the meaning and effect of the rider above quoted. Plaintiff's contention is that the policy as a whole, including the rider, never was a legal and binding obligation upon it, by reason of the fraudulent misrepresentations which brought about its issue and delivery to the defendant. In other words, plaintiff contends there never was any contract of insurance. The defendant's answer admits the fraudulent misrepresentations, and this admission as a matter of law, carries with it a confession that there never was any binding contract between the parties.

The rider can be enforced as a binding obligation only upon the theory that the policy itself constituted a valid contract at the time it was issued. Properly interpreted, the rider was simply designed to protect the rights of the insured which may have accrued under the policy during any period for which premiums had been paid. If the policy was void from the beginning. and never binding upon the plaintiff, then, of course, no rights could accrue under the policy.

An order will be entered striking the answer and counterclaim, and unless the defendants plead further, within fifteen days from the date of the entry of such order, a final decree may be prepared in accordance with the prayer of the bill.